**Ronald J. BILINSKI, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: May 9, 1983.*

Decided: June 6, 1983.

---

* This case was reargued on May 9, 1983. The prior opinion issued herein on January 17, 1983, is hereby withdrawn.

Arlen Mekler (argued), Wilmington, for defendant below, appellant.

James B. Ropp (argued), Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C.J., HORSEY and MOORE, JJ.

HERRMANN, Chief Justice:

In this appeal from the defendant's conviction for Terroristic Threatening (11 *Del.C.* § 621),[1] the sole question raised is whether Terroristic Threatening is a lesser-included offense of Attempted Extortion (11 *Del.C.* §§ 531 and 846).[2]

## I.

The defendant, Ronald J. Bilinski, was indicted for Attempted Extortion. The indictment charged that the defendant attempted to induce employees of the Farmers Bank to deliver $163,000 to him, threatening to bomb the Bank and kill people therein if the money was not delivered.

At the conclusion of the State's case in a non-jury trial, the Trial Court granted the defendant's motion for acquittal on the Attempted Extortion charge. The Court found that the defendant believed the Bank had not delivered to him all of the contents of a safe-deposit box which the Bank opened after the defendant failed to make rental payments thereon. Accordingly, the Court held applicable to the charge of Attempted Extortion the affirmative defense of claim of right, as provided by 11 *Del.C.* § 847,[3] and ruled in favor of the defendant on that charge.

The Court proceeded *sua sponte,* however, on a charge of Terroristic Threatening, holding it to be a lesser-included offense of Attempted Extortion, and found the defendant guilty of that offense.

We affirm.

## II.

The defendant concedes that 11 *Del.C.* § 206(b)[4] permits prosecution and conviction for an unindicted offense when that offense is included in the offense for which the defendant is charged. The defendant further concedes that § 206(b) defines an included offense as one which is "established by the proof of the same or less than all the facts required to establish the com-

1. 11 *Del.C.* § 621 provides in relevant part:
"§ 621. Terroristic threatening * * *
"A person is guilty of terroristic threatening when:
  "(1) He threatens to commit any crime likely to result in death or in serious injury to person or property; * * *."

2. 11 *Del.C.* § 531 provides:
"§ 531. Attempt to commit a crime.
"A person is guilty of an attempt to commit a crime if he:
  "(1) Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be; or
  "(2) Intentionally does or omits to do anything which, under the circumstances as he believes them to be, is a substantial step in a course of conduct planned to culminate in his commission of the crime.
Attempt to commit a crime is an offense of the same grade and degree as the most serious offense which the accused is found guilty of attempting.
11 *Del.C.* § 846 provides in pertinent part:
"§ 846. Extortion * * *
"A person commits extortion when, with the intent prescribed in § 841 of this title, he compels or induces another person to deliver property to himself or to a third person by means of instilling in him a fear that, if the property is not so delivered, the defendant or another will:
  "(1) Cause physical injury to anyone; or

"(2) Cause damage to property; * * *."
11 *Del.C.* § 841 provides in relevant part:
"§ 841. Theft * * *
"A person is guilty of theft when he takes, exercises control over or obtains property of another person intending to deprive him of it or appropriate it. Theft includes the acts described in §§ 842 through 846 of this title."
  * * *."

3. 11 *Del.C.* § 847 provides in pertinent part:
"§ 847. Theft, extortion; claim of right as an affirmative defense.
  "(a) In any prosecution for theft or extortion it is an affirmative defense that the property was appropriated by the actor under a claim of right, made in good faith, to do substantially what he did in the manner in which it was done." * * *"

4. 11 *Del.C.* § 206 provides in pertinent part:
"§ 206. Method of prosecution when conduct constitutes more than 1 offense.
  *  *  *  *  *  *
  "(b) A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when:
    "(1) It is established by the proof of the same or less than all the facts required to establish the commission of the offense charged; * * *"

mission of the offense charged." The defendant contends, however, that there are basic differences in the nature of the offenses of Attempted Extortion and Terroristic Threatening, i.e., the differing *actus reus* and *mens rea* required to establish the commission of each offense.

### A.

The defendant argues that, while the General Assembly has defined Extortion as a crime against property, it has treated Terroristic Threatening as a crime against the person. The gravamen of Extortion, it is argued, is the taking of, or exercise of control over, the property of another. By contrast, the defendant contends, the *actus reus* or physical act that establishes Terroristic Threatening is the instilling of fear in another by threat. That the *actus rei* proscribed by the Statutes are fatally dissimilar is further supported, he asserts, by the placement of § 846, defining Extortion, in subchapter III of Title 11 entitled "Offenses Involving Property," while § 621, defining Terroristic Threatening, appears in Subchapter II entitled "Offenses Against the Person." We find these contentions to be entirely untenable.

■ In Delaware, all crimes are defined by statute. 11 *Del.C.* § 202. Consequently, the defendant's argument concerning the gravamen or "*actus reus*" of each offense is not germane to the resolution of the issues herein. Moreover, the defendant's characterization of the offenses is misdirected for several reasons: First, it disregards the clear directive of 1 *Del.C.* § 305[5] that the structure of the Delaware Code bears no weight in legislative construction. Second, it disregards the plain language of the definitional Statutes which provide that each offense may involve injury to persons and/or property. *See* §§ 621(1) and 846(1), (2), *supra*. Finally, the defendant fails to

recognize that even if an examination of the gravamen of the offenses were appropriate, the substance of both is threatening behavior: "The offense [of Extortion] is complete when the threatening statement or communication is made, or is caused to be made with the intent to extort or wrongfully gain money or other property." *Bove v. State,* Del.Supr., 134 A. 630 (1926).

### B.

■ The defendant also contends that the *mens rea* required to establish the commission of each offense is wholly distinct and thus precludes Terroristic Threatening as a lesser-included offense of Attempted Extortion. Extortion, the defendant argues, requires a "conditional" threat, e.g. "Give me the property or I will harm you or your property." On the other hand, Terroristic Threatening, he asserts, calls for an "unconditional" threat, i.e., "I will harm you," an additional fact not required to prove Extortion. It follows, he contends, that Terroristic Threatening cannot constitute a lesser-included offense under § 206(b). We disagree.

Sections 621 and 846 do not qualify the act or mental state required for the commission of each offense as a conditional or unconditional threat. We may not read those requirements into the unambiguous language of the Statutes.

### III.

The defendant also contends that because the Extortion Statute (§ 846) requires only "physical injury" as an element, whereas the Terroristic Threatening Statute (§ 621) requires "serious injury" as an element, Terroristic Threatening cannot be "established [as a lesser included offense] by the proof of the same or less than all the facts required to establish the commission" of

---

**5.** 1 *Del.C.* § 305 provides:

  "§ 305. Classification and arrangement.

   "The classification and organization of the titles, parts, chapters, subchapters, and sections of this Code, and the headings thereto,

are made for the purpose of convenient reference and orderly arrangement, and no implication, inference or presumption of a legislative construction shall be drawn therefrom."

Extortion. § 206(b)(1). The argument is attractive but does not withstand scrutiny.

■ To establish the commission of Attempted Extortion, the State must show, *inter alia,* that the defendant took a substantial step toward "instilling" fear in another that he would cause "physical injury to anyone" or "damage to property," if property other than his own were not delivered to him. §§ 531, 846(1), (2). To establish the commission of Terroristic Threatening, there must be proof of (1) a threat, (2) to commit a crime, (3) likely to result in death or "serious injury" to person or property. § 621(1).

"Physical injury" is defined in our Criminal Code as "impairment of physical condition or substantial pain." § 222(19). Under § 221(a),[6] the definition is limited to the meaning given.

"Serious injury" is not defined by the Statute. Consequently, under the Criminal Code's principles of definition the term "has its commonly accepted meaning, and may be defined as appropriate to fulfill the [general] purposes" of the Code. 11 *Del.C.* § 221(c). Under 11 *Del.C.* § 201(1), a general purpose of the Code is "To proscribe conduct which unjustifiably and inexcusably causes or threatens harm to individual or public interests."

■ Viewed in this context and in the light of the Code's principles of definition, we are of the opinion that "physical injury," sufficient to "instill" fear, as those terms are used in the Extortion Statute, must be construed to equate the commonly accepted meaning of the term "serious injury," as that term is used in the Terroristic Threatening Statute.

This conclusion finds support in (1) the above-mentioned general purpose of the Code; (2) the statutory classification of the offenses: Attempted Extortion constitutes a class D felony, Terroristic Threatening a class A misdemeanor; and (3) the Code's express definition of "serious physical injury" at § 222(20).[7] If the General Assembly had meant the latter stronger term in the Terroristic Threatening Statute, it could have used it. The defendant may not, in effect, substitute the § 222(20) definition for the undefined term used in § 621.

■ Under this construction of the statutory terms involved, it follows that, because proof of Terroristic Threatening does not require proof of any facts as to the nature of the injury threatened in addition to those required to establish Attempted Extortion, the former is a lesser-included offense of the latter under § 206(b). We conclude that the Trial Judge proceeded properly on the lesser charge.

### IV.

■ Finally, in the alternative, the defendant contends that his intent was "conditional" because he acted upon a claim-of-right. It follows, he asserts, that the charge of Terroristic Threatening is subject to the affirmative defense of claim-of-right under § 847, as was the charge of Attempted Extortion in the instant case. We disagree.

The claim-of-right defense is limited to Extortion and theft-related crimes. *See* § 847; *Wright v. State,* Del.Supr., 405 A.2d 685 (1979). Further, under 11 *Del.C.* § 254, "The fact that a defendant's intention was conditional is immaterial unless the condi-

---

6. 11 *Del.C.* § 222 provides in pertinent part:
"§ 222. General definitions.
"* * * (19) 'Physical injury' means impairment of physical condition or substantial pain.
* * *."
11 *Del.C.* § 221 provides in pertinent part:
"§ 221. Principles of definitions.
"(a) In this Criminal Code when the word 'means' is employed in defining a word or term, the definition is limited to the meaning given.
* * *."

7. 11 *Del.C.* § 222(20) provides in relevant part:
"§ 222. General definitions.
"* * * (20) 'Serious physical injury' means physical injury which creates a substantial risk of death, or which causes serious and prolonged disfigurement, prolonged impairment of health or prolonged loss or impairment of the function of any bodily organ. * * *."

tion negatives the harm or evil sought to be prevented by the statute defining the offense." The harm sought to be prevented by § 846, defining Extortion, is the wrongful acquisition of property by threat. Section 847 thus constitutes a defense to § 846 since a legitimate claim of right negatives the element of wrongful or unlawful acquisition. By contrast, the harm sought to be prevented by § 621, defining Terroristic Threatening, is the threat-induced fear itself. Consequently, the nature of the claim underlying the threatening behavior is immaterial. Our law does not permit the owner of property to terrorize another in order to retrieve his property.

\*    \*    \*

AFFIRMED.