# THE SUPERIOR COURT OF THE STATE OF DELAWARE

NICOLE LISOWSKI,                                    )
as Next Friend of BRANDON                           )
RODRIGUEZ, JEREMIAH                                 )
RODRIGUEZ, NICHOLAS                                 )
O'BRIEN, minors, and JUAN                           )
RODRIGUEZ, in his capacity as          )          C.A. No. N15C-04-228 ALR
Personal Representative of the                      )
Estate of Alexis Rodriguez,                         )
                                                    )
        Plaintiffs,                                 )
                                                    )
    v.                                              )
                                                    )
BAYHEALTH MEDICAL CENTER,               )
INC., d/b/a KENT GENERAL                             )
HOSPITAL,                                            )
                                                    )
        Defendant.                                  )

Submitted: October 20, 2016
Decided: November 30, 2016

## <u>ORDER</u>

*Upon Plaintiffs' Motion for New Trial*
**GRANTED**

This is a medical negligence action arising from the death of Alexis
Rodriguez.  Following an eight-day trial, a jury found that Defendant Bayhealth
Medical Center, Inc., d/b/a Kent General Hospital ("Bayhealth") had committed
medical negligence in its care and treatment of Mr. Rodriguez, but that the
negligence did not proximately cause Mr. Rodriguez's death.

Plaintiffs filed a timely Motion for New Trial. Defendant opposes Plaintiffs' Motion. Upon consideration of the parties' submissions; the Superior Court Rules of Civil Procedure; the facts, arguments, and legal authorities set forth by the parties; decisional law; and the entire record in this case, the Court hereby finds as follows:

1.      The parties submitted Joint Proposed Jury Instructions as part of pre-trial proceedings. The parties agreed to include the following language in the Proximate Cause jury instruction:

> A party's negligence, by itself, is not enough to impose legal responsibility on that party. Something more is needed: the party's negligence must be shown by a preponderance of the evidence to be a proximate cause of the injury.
> Proximate cause is a cause that directly produces the harm, and but for which the harm would not have occurred. A proximate cause brings about, or helps to bring about, the injury, and it must have been necessary to the result.

2.      Bayhealth proposed to add the following sentence to the Proximate Cause instruction:

> An action is not the proximate cause of an event or condition if that event or condition would have resulted without the negligence.

Plaintiffs objected to the inclusion of this sentence in the Proximate Cause instruction. Bayhealth's proposed addition to the Proximate Cause instruction is referred hereinafter as "Bayhealth's Proposed Additional Sentence."

2

3. A Pre-trial Conference was held during which Plaintiffs renewed their objection to Bayhealth's Proposed Additional Sentence on the grounds that Bayhealth's Proposed Additional Sentence was not a correct statement of law under Delaware decisional precedent. In response to Plaintiffs' objection, Bayhealth represented that Bayhealth's Proposed Additional Sentence was included in the Superior Court's Civil Pattern Jury Instructions ("Pattern Jury Instructions"). Bayhealth also argued that the evidence presented at trial would make the instruction appropriate. Upon consideration of the parties' arguments and with heavy reliance on Bayhealth's representations, the Court overruled Plaintiffs' objection and Bayhealth's Proposed Additional Sentence was included in the charge read to the jury.

4. During deliberations the jury submitted a note expressing confusion regarding the Proximate Cause instruction. Specifically, the jury asked whether the Court could "specify or expand" on Bayhealth's Proposed Additional Sentence.[1] In response to the note, the Court reconvened the jury and explained that it was unable to expand on the Proximate Cause instruction. The Court re-read the Proximate Cause instruction as written, including Bayhealth's Proposed Additional Sentence. Shortly thereafter, the jury returned a verdict finding that

---

[1] Court's Exhibit #3, Jury's Note, *Lisowski v. Bayhealth Med. Ctr., Inc.*, N15C-04-228 ALR (Del. Super. Sept. 20, 2016).

3

Bayhealth had committed medical negligence, but that the negligence did not proximately cause Mr. Rodriguez's death.

5. Plaintiffs filed a Motion for New Trial that is currently before the Court.

6. Rule 59 provides that "[a] new trial may be granted as to all or any of the parties and on all or part of the issues in an action in which there has been a trial for any of the reasons for which new trials have heretofore been granted in the Superior Court."[2]

7. In reviewing a motion for new trial based on a jury instruction, the Court must determine whether "the alleged deficiency in the jury instructions undermined the jury's ability to intelligently perform its duty in returning a verdict."[3] Jury instructions must be "reasonably informative and not misleading, judged by common practices and standards of verbal communication."[4] The Court must conduct its analysis by considering the instructions as a whole with no individual statement read out of context.[5]

---

[2] Super. Ct. Civ. R. 59.

[3] *Culver v. Bennett*, 588 A.2d 1094, 1098 (Del. 1991) (citing *Probst v. State*, 547 A.2d 114, 119 (Del. 1988)).

[4] *Lowther v. State*, 104 A.3d 840, 847 (Del. 2014) (quoting *Dawson v. State*, 581 A.2d 1078, 1105 (Del. 1990) (citing *Flamer v. State*, 490 A.2d 104, 129 (Del. 1984))).

[5] *Adkins v. State*, 2016 WL 5940363, at *3 (Del. Oct. 12, 2016); *Ireland v. Gemcraft Homes, Inc.*, 2011 WL 4553166, at *3 (Del. Oct. 3, 2011).

8.     The Court's decision on a motion for new trial is reviewed under an abuse of discretion standard.[6] Accordingly, the Court's decision must not exceed "the bounds of reason."[7] An act of judicial discretion must be "based upon conscience and reason, as opposed to arbitrariness or capriciousness."[8]

9.     Plaintiffs contend that a new trial is warranted because Bayhealth's Proposed Additional Sentence created a misleading statement that prevented the jury from intelligently rendering a verdict.  Specifically, Plaintiffs argue that the use of the phrase "event or condition" rather than "harm" or "injury" rendered the Proximate Cause instruction confusing.

10.    Bayhealth opposes Plaintiffs' Motion on the grounds that (1) Plaintiffs waived their objection to Bayhealth's Proposed Additional Sentence by failing to satisfy the procedural requirements of Rule 51;[9] and (2) Bayhealth's Proposed Additional Sentence is not misleading or confusing when considered in context.

11.    Rule 51 provides that "[n]o party may assign as error the giving or failing to give an instruction unless a party objects thereto before or at the time set

---

[6] *Maier v. Santucci*, 697 A.2d 747, 749 (Del. 1997) (citing *Storey v. Camper*, 401 A.2d 458, 465 (Del. 1979)).
[7] *Pesta v. Warren*, 2005 WL 3453825, at *2 (Del. Dec. 14, 2005) (citing *Chavin v. Cope*, 243 A.2d 694, 695 (Del. 1968)).
[8] *Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1238 (Del. 2012) (citing *Sammons v. Doctors for Emergency Servs., P.A.*, 913 A.2d 519, 528 (Del. 2006) (quoting *Coleman v. PricewaterhouseCoopers, LLC*, 902 A.2d 1102, 1106 (Del. 2006))).
[9] Super. Ct. Civ. R. 51.

by the Court immediately after the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the party's objection." Bayhealth asserts that Plaintiffs' pre-trial objections were solely on the grounds that Bayhealth's Proposed Additional Sentence was not included in the Pattern Jury Instructions, and that Plaintiffs could not locate the language under Delaware case law. Bayhealth notes that Plaintiffs did not argue that the language was confusing or misleading during trial. Furthermore, Bayhealth contends that Plaintiffs failed to renew the objection immediately before the Court dismissed the jury for deliberations.

12. This Court finds that Plaintiffs preserved their objection to Bayhealth's Proposed Additional Sentence. Plaintiffs originally noted their objection in the parties' Joint Proposed Jury Instructions, as required by the Court's Trial Scheduling Order. Furthermore, Plaintiffs renewed their objection during the Pre-trial Conference. Accordingly, both the Court and Bayhealth were on sufficient notice that Plaintiffs challenged the propriety of the Proximate Cause instruction to ensure that the jury was properly charged on a fundamental issue of the case.[10] The objection was preserved.

13. Upon consideration of the evidence presented at trial and the jury instructions as a whole, this Court finds that Bayhealth's Proposed Additional

---

[10] *See Pa. R.R. Co. v. Goldenbaum*, 269 A.2d 229, 234 (Del. 1970).

Sentence undermined the jury's ability to intelligently render a verdict. The parties presented highly conflicting evidence regarding proximate cause at trial, including contradicting expert testimony regarding the effect of Mr. Rodriguez's preexisting condition on his post-surgical death. In consideration of the parties' competing theories regarding proximate cause and the importance of the issue to this case, a clear and accurate submission of the law was essential to ensure the trial's integrity and the jury's ability to intelligently identify the relationship between Bayhealth's medical negligence and Mr. Rodriguez's death.[11] Instead, Bayhealth's Proposed Additional Sentence invited confusion regarding the effect of Bayhealth's post-surgical care. Specifically, the use of the words "event" and "condition" instead of "injury" or "harm" may have misled the jury. The introduction of these undefined concepts rendered the Proximate Cause instruction misleading under common standards of verbal communication.[12]

14. While the Court recognizes the strong public policy of deference to jury verdicts, it is essential that the jury be provided an intelligible and accurate statement of the law on which to consider the evidence.[13] Contrary to Defendant's

---

[11] *See Duphily v. Del. Elec. Coop., Inc.*, 662 A.2d 821, 834 (Del. 1995); *Schmidt v. Hobbs*, 1988 WL 116338, at *2 (Del. Oct. 14, 1988).

[12] *Lowther*, 104 A.3d at 847 (internal citations omitted).

[13] *See Keener v. Isken*, 58 A.3d 407, 409 (Del. 2013) (citing *Tsipouras v. Tsipouras*, 677 A.2d 493, 497 (Del. 1996)) (noting the public policy in favor of trials on the merits); *Waterhouse v. Hollingsworth*, 2013 WL 5803136, at *3 (Del.

7

representations during the Pre-trial Conference, Bayhealth's Proposed Additional Sentence is not contained in the Pattern Jury Instructions. Moreover, Bayhealth has not relied upon any decisional law as support for the inclusion of this sentence. Furthermore, the evidence presented did not ultimately render the language appropriate. To the contrary, Bayhealth's Proposed Additional Sentence impacted the jury's ability to intelligently perform its duty when considered in the context of the evidence presented at trial. A party is not entitled to a particular jury instruction, "even if the requested format set forth is the Pattern Jury Instructions for Civil Practice."[14] However, a jury instruction must not only provide a correct statement of law, but must also be "not so confusing or inaccurate as to undermine the jury's ability to reach a verdict."[15]

15. This Court's conclusion is supported by the factual record of this case. This is not a situation where "[t]he jury never gave any indication that it was confused."[16] Rather, the jury plainly expressed uncertainty and confusion regarding the Proximate Cause instruction during its deliberations by submitting a

---

Super. Oct. 10, 2013) ("Delaware has a strong public policy favoring resolution of cases on their merits.").

[14] *Russell v. K-Mart Corp.*, 761 A.2d 1, 5 (Del. 2000) (citing *Culver*, 588 A.2d at 1096).

[15] *Pesta*, 2005 WL 3453825, at *2 (quoting *Cabrera v. State*, 747 A.2d 543, 543 (Del. 2000)).

[16] *Reinco, Inc. v. Thompson*, 906 A.2d 103, 112 (Del. 2006).

note to the Court requesting clarification on Bayhealth's Proposed Additional Sentence and the legal definition of proximate cause.[17]

16.     In *Reinco, Inc. v. Thompson*,[18] the Delaware Supreme Court found that a trial judge abused her discretion by granting a motion for new trial for jury confusion where "the jury never sent a note to the judge" or "rendered an inconsistent verdict . . . ."[19] The Supreme Court noted that a decision to grant a new trial constitutes an abuse of discretion if based upon a "speculative conclusion that the jury was confused."[20] However, the Supreme Court also noted that "cases where the jury sends a note to the judge expressing confusion or the jury returns an inexplicably inconsistent verdict might be sufficient to warrant granting a motion for new trial on the basis of jury confusion."[21] This Court's conclusion is not based upon improper speculation or a "gut feeling,"[22] but identifiable evidence that

---

[17] *See Atwell v. RHIS, Inc.*, 974 A.2d 148, 154–55 (Del. 2009) (finding that a jury's submission of questions during deliberation evidenced actual confusion); *Reinco, Inc.*, 906 A.2d at 110 n.15. *Cf. Nagle v. Riverview Cemetery*, 1989 WL 89496, at *4 (Del. Super. June 30, 1989) (quoting *Reeves v. Am. Airlines, Inc.*, 408 A.2d 283, 284 (Del. 1979)) ("The Delaware Supreme Court has noted that a jury may demonstrate 'the elimination of prior confusion by the failure to request further instruction . . . .'").

[18] 906 A.2d 103 (Del. 2006).

[19] *Id.* at 112.

[20] *Id.* at 110 n.15.

[21] *Id.*

[22] *Id.*

the jury was actually confused by Bayhealth's Proposed Additional Sentence and the Proximate Cause instruction.[23]

16. Upon consideration of Bayhealth's Proposed Additional Sentence in context of the conflicting causation evidence presented at trial and the jury instructions as a whole, the Court finds that Bayhealth's Proposed Additional Sentence undermined the jury's ability to intelligently fulfill its duty to render a verdict.[24] This conclusion is based upon the Court's conscience, reason, and firsthand evaluation of the proceedings in this case. The jury's confusion regarding Bayhealth's Proposed Additional Sentence warrants this Court's exercise of its sound discretion in the interest of preventing a miscarriage of justice.[25]

---

[23] *Cf. Dickens v. Costello*, 2004 WL 1731136, at *5 (Del. Super. July 20, 2004) (denying plaintiff's motion for a new trial where plaintiff's claim was "unsupported conjecture," and plaintiff "offered no proof that any juror was confused."); *Connelly v. Willey*, 1990 WL 58175, at *2 (Del. Super. Mar. 20, 1990) (denying plaintiff's motion for a new trial where there was "nothing in the record to indicate confusion by the jury in its final award . . . .").

[24] *Culver*, 588 A.2d at 1098.

[25] *See Schmidt*, 1988 WL 116338, at *2; *Nelson v. Fregoso*, 2014 WL 7008885, at *2 (Del. Super. Nov. 18, 2014); *Cain v. Sadler*, 2014 WL 2119994, at *3 (Del. Super. May 9, 2014). *See also Blancha v. Raymark Indus.*, 972 F.2d 507, 518 (3d Cir. 1992) (Seitz, C.J., dissenting).

**NOW, THEREFORE,** this 30th day of November, 2016, Plaintiffs' Motion for New Trial is hereby **GRANTED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
The Honorable Andrea L. Rocanelli