Jones, E. H., J.
In the action below the defendant William F. Weber was plaintiff, and in his petition sought damages on account of. personal injuries alleged to have been sustained by him on the afternoon of October 23, 1910.
In his petition it is alleged that on said day “one of defendant’s North Norwood cars being operated over Montgomery pike, inwardly bound for the said city of Cincinnati, stopped on the bridge which crosses the tracks of the Baltimore & Ohio Southwestern Railroad, in said city of Norwood, which said point is a regular stopping place, for the purpose of taking on passengers to be conveyed to Cincinnati.
“That while said car was standing still, after having stopped as aforesaid, this plaintiff started to board the same, and took hold of the rear post with his left hand and put his right foot on the step of said car, and was attempting to board the same for the purpose of being conveyed to Cincinnati, when said car, through the negligence and. *19 carelessness of the agents and servants of said defendant, and before this plaintiff had ample opportunity to board the same and reach a place of safety, suddenly and without any notice or warning to this plaintiff, started with a violent and unusual jerk or motion, whereby this plaintiff, without any fault or negligence on his part, but solely through the negligence of said defendant, was violently thrown to the street,” etc.
The trial resulted in a verdict in favor of the plaintiff below, and this proceeding in error is prosecuted for the purpose of reversing the judgment in his favor entered upon said verdict.
Two assignments of error are relied upon by plaintiff in error in the brief and oral argument of counsel.
. The first error assigned is in the charge of the court. The plaintiff in error in its brief says:
“We submit that there is error in the charge of the court to the jury with reference to whether or not the plaintiff at the time the accident occurred, was a passenger, and, as such, entitled to demand from the defendant that it exercise toward him the highest degree of care as defined by the court below in his charge to the jury.”
The brief then quotes the following portion of said charge:
“Now, coming down to this particular case, if the plaintiff was in the act of getting on the car, faking hold of the car, and was in the act of getting upon the car, he was then entitled to the rights of a passenger and the obligations existing between the company and the plaintiff are those to which I have already referred: ordinary care on the part *20 of the passenger to take care of himself and avoid dangers, and the highest degree of care on the part of the defendant, if, as I say you find from the evidence that the plaintiff had become a passenger. In other words, that he had laid hands upon the car, and had endeavored to get upon it. Also it must be before the car was in motion.”
Counsel for plaintiff in error point out that this portion of the charge was erroneous in that the trial judge did not incorporate in it something to the following effect:
“And if the jury should find that the conductor knew, or by the exercise of ordinary care should have known, that the plaintiff was about to board the car'while it was at a standstill.”
It is admitted in the answer of the defendant below that the place where the accident occurred was a regular stopping place for taking on and letting off passengers. There is no question, from the evidence, but that the car stopped for the purpose of taking on a group of persons who were waiting for the car. It is also uncontradicted that the plaintiff below was among those who were waiting to board the car. These facts having been proven, and there being no evidence tending to rebut the same, it is unnecessary, in the opinion of the court, for the trial court to incorporate in its charge any condition with reference thereto such as that quoted above from the brief of counsel for plaintiff in error. The motorman and conductor both testified that the car stopped at this regular stopping place for the purpose of taking on these would-be passengers, thus extending to them an invitation which was accepted by several persons as *21 soon as they respectively laid hold upon the car for the purpose, of entering the same.
This principle of law seems to be well established, and is concisely stated in 1 Nellis on Street Railways (2 ed.), Section 252, as follows:
“One is a passenger in a street car who is in the act of stepping on the step or platform, the car having stopped for him, and in case of an accident when stepping ón, his rights are those of a passenger.”
Under the undisputed facts as stated above, we conclude that the charge of the court, or the portion thereof above quoted, contains a complete statement of the law as applicable to this case.
The second and last assignment of error complained of is stated in the brief for plaintiff in error as follows:
“We submit that the court below also erred in submitting to the jury, by reading the petition, elements of damage claimed in the petition which were not supported by any evidence. We refer to the following portion of the petition as included in the charge: ‘That he was unable to attend to his grocery business but has had to employ extra help in order to carry on the same, during which time, because of the lack of his personal attention, he has lost several customers and has otherwise sustained losses in said business.’ ”
The bill of exceptions shows that the .court read to the jury the entire petition, including the language just quoted. It is conceded that there was no evidence to support- in any way this allegation in the petition. It is not claimed that the court in the portion of the charge which followed the read *22 ing of the pleadings made any allusion to this element of damage which was unsupported by evidence; on the contrary, the court mentioned the different elements of damage which would go to make up the verdict of the jury in case they should find in favor of the plaintiff, and nowhere did it make any mention of the loss of business complained of in the petition. It would be a sad reflection on the intelligence of the twelve men who made up the jury to assume, in the face of the charge of the court upon the elements which constituted the damage and upon the necessity of proof to support each of the claims, that they would proceed to award damages upon a claim in the petition which was abandoned by the plaintiff in the trial of the case and which had no evidence whatever in its support.
After a careful examination of the record, and a consideration of the points advanced by counsel for plaintiff in error, we are persuaded that there is no error in any manner prejudicial to the plaintiff in error; that substantial justice has been done; and that the judgment below should be affirmed.

Judgment affirmed.

Jones, Oliver B., and Swing, JJ., concur.