TERRY MALIN, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 638, 2007.
Supreme Court of Delaware.
Submitted: April 25, 2008.
Decided: June 17, 2008.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
This 17th day of June 2008, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) The defendant-appellant, Terry Malin, was found guilty by a Superior Court jury of one count of Robbery in the First Degree and two counts of Robbery in the Second Degree. On the first-degree robbery conviction, he was sentenced to 3 years at Level V. On the two remaining convictions, he was sentenced to a total of 2 years at Level V, to be suspended for 2 years of decreasing levels of supervision. This is Malin's direct appeal.
(2) Malin's counsel has filed a brief and a motion to withdraw pursuant to Rule 26(c). The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal; and (b) the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]
(3) Malin's counsel asserts that, based upon a careful and complete examination of the record, there are no arguably appealable issues. By letter, Malin's counsel informed Malin of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw, the accompanying brief and the complete trial transcript. Malin also was informed of his right to supplement his attorney's presentation. Malin responded with a brief that raises thirteen issues for this Court's consideration. The State has responded to the position taken by Malin's counsel as well as the issues raised by Malin and has moved to affirm the Superior Court's judgment.
(4) Malin raises thirteen issues for this Court's consideration, which may fairly be summarized as follows: a) he never had his Miranda rights read to him; b) the indictment contained irregularities; c) his speedy trial rights were violated; d) there was insufficient evidence presented at trial to support his convictions; and e) his attorney provided ineffective assistance.
(5) The evidence at trial established the following. On August 27, 2006, Mary Wilson was working as a cashier at a Wawa store on Airport Road, New Castle, Delaware, when a man wearing a blue tank top, jean shorts and a Jeff Gordon baseball cap entered the store. He approached the counter and handed Wilson a note asking for all the money in her cash drawer. The man held his right hand in his pocket so Wilson could not tell whether or not he had a gun. Wilson gave the man $201.00 from the cash drawer and he left the store. The incident was captured on the store's surveillance videotape.
(6) On August 31, 2006, Leona Howard and George Moore were working at the Perch Creek Wawa store in Glasgow, Delaware. A man wearing a blue tank top, shorts and a Jeff Gordon baseball cap handed Howard a note demanding cash and stating that, if the cash were not handed over, he would "shoot." The man kept his hand in his pocket, suggesting that he had a gun. Upon reading the note, Howard froze with fear. Moore took the note, read it, and placed the cash drawer on the counter. The man took the money from the drawer and walked out of the store, leaving the note behind. Again, the incident was captured on the store's surveillance videotape.
(7) Detective Mark Papili of the Delaware State Police testified that he developed a number of still photos from the surveillance videotapes. The photos showed that the same person committed the two robberies and had distinctive tattoos matching those of Malin. When police searched Malin's truck during the investigation of the robberies, they found a tank top and shorts similar to those worn by the robber. In addition, a baseball cap with a Jeff Gordon insignia was found in the car Malin was driving at the time of his arrest. The defense presented no evidence at trial.
(8) Malin's first claim is that he never had his Miranda rights read to him. The record reflects that no statement by Malin was introduced at trial. As a consequence, whether Malin's Miranda rights were read to him or not is irrelevant. For that reason, we conclude that Malin's first claim is without merit.
(9) Malin's second claim is that his indictment contained irregularities. Specifically, he alleges that the name on the indictment was not his and that one of the robbery charges was added "without proper procedures." Because any objections to the form of an indictment are waived unless they are made prior to trial,[2] we conclude that Malin's second claim also is unavailing.
(10) Malin's third claim is that his speedy trial rights were violated. In support of this claim, Malin alleges that he was arrested in September 2006, his first trial date in March 2007 was continued, and he was not tried until September 2007, approximately one year after his arrest. Four factors are considered when assessing whether there has been a speedy trial violationthe length of the delay, the reason for the delay, the defendant's assertion of the right, and prejudice to the defendant as a result of the delay.[3]
(11) In Malin's case, trial originally was scheduled for March 2007. However, both the prosecution and the defense asked for a continuance. Moreover, the psychological examination that had been requested by the defense was not completed until late May 2007. Trial was then scheduled for, and began on, September 18, 2007, approximately three and a half months later. Under these circumstances, there is no factual predicate for Malin's claim of a speedy trial violation. As such, we conclude that this claim is without merit.
(12) Malin's next claim is that there was insufficient evidence presented at trial to support his convictions. On a claim of insufficiency of the evidence, the relevant inquiry is whether, considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[4] In making this inquiry, the court does not distinguish between direct and circumstantial evidence.[5] Moreover, the jury is solely responsible for determining witness credibility, resolving conflicts in testimony, and drawing inferences from the proven facts.[6]
(13) While Malin contends that he was never "identified" as the robber, the record reflects that Mary Wilson, one of the victims, testified at trial that she was robbed by "the defendant over there." In addition, Malin's identification as the robber was confirmed by the surveillance videotapes as well as the distinctive clothing found by the police in his vehicles. Malin's contention that Leona Howard cannot be considered the victim of a robbery because she "froze" when she read the robbery note and, therefore, was unable to hand over the money is without merit. In fact, robbery may be established by proof of the "threat" of force to prevent resistance to the taking of property.[7] Likewise, Malin's contention that Mary Wilson was not the victim of a robbery because there was no threat of force is meritless. Even though the robbery note contained no express threat, it did contain an implied threat of force.[8] In sum, there is no factual support for Malin's claim of insufficiency of the evidence and, therefore, we conclude that it is without merit.
(14) Malin's final claim is that his trial attorney provided ineffective assistance. It is well-settled that this Court will not entertain a claim of ineffective assistance of counsel for the first time on direct appeal.[9]
(15) This Court has reviewed the record carefully and has concluded that Malin's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Malin's counsel has made a conscientious effort to examine the record and has properly determined that Malin could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[2] Super. Ct. Crim. R. 12(b) (2).
[3] Barker v. Wingo, 407 U.S. 514 (1972).
[4] Dixon v. State, 567 A.2d 854, 857 (Del. 1989).
[5] Skinner v. State, 575 A.2d 1108, 1121 (Del. 1990).
[6] Chao v. State, 604 A.2d 1351, 1363 (Del. 1992).
[7] Del. Code Ann. tit. 11, § 831(a) (1).
[8] State v. Harrigan, 447 A.2d 1194, 1195-96 (Del. Super. 1982), aff'd 447 A.2d 1191 (Del. 1982).
[9] Collins v. State, 420 A.2d 170, 177 (Del. 1980).