# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TROY DIXON, | § | |
| | § | No. 449, 2014 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below – Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 1211005646B |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: May 6, 2015
Decided: May 7, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **SEITZ**, Justices.

## ORDER

On this 7th day of May 2015, it appears to the Court that:

(1)     On January 7, 2013, a New Castle County grand jury indicted Defendant-below/Appellant Troy Dixon on charges of first degree assault, possession of a firearm during the commission of a felony ("PFDCF"), disregarding a police officer's signal, resisting arrest, and possession of a firearm by a person prohibited ("PFBPP").  The Superior Court granted Dixon's motion to sever the PFBPP charge from the other charges.

(2)     At his first trial, a Superior Court jury in September and October, 2013 convicted Dixon of the lesser included offense of second degree assault,

PFDCF, and resisting arrest. Dixon was sentenced as follows: for second degree assault - eight years at Level V suspended after six years for decreasing levels of supervision; for PFDCF – twelve years at Level V; and for resisting arrest – twelve months at Level V suspended for twelve months at Level I. His conviction and sentence were affirmed on appeal.[1]

(3) On the severed charge, the Grand Jury indicted Dixon for PFBPP in violation of Title 11, Section 1448(e)(2). Section 1448(e)(2) of the PFBPP statute ("Serious Injury PFBPP") includes an element of the crime in addition to being a person prohibited and possessing a firearm; the negligent causing of serious physical injury or death through the use of the firearm. The trial judge instructed the jury on Serious Injury PFBPP as well as the included offense, PFBPP in violation of 11 Del. C. § 1448(e)(1) ("Simple PFBPP"). Conviction for Simple PFBPP does not require proof that the defendant negligently caused serious physical injury or death.

(4) At the second trial, the jury convicted Dixon in April, 2014 of Simple PFBPP. He was sentenced to eight years at Level V.

(5) On appeal, Dixon argues that the Superior Court violated Article I § 8 of the Delaware Constitution by impermissibly broadening the Grand Jury

---

[1] *Dixon v. State*, 2014 WL 4952360 (Del. Oct. 1, 2014).

2

indictment.[2]  According to Dixon, because the lesser included offense of Simple

PFBPP was supposedly not part of the indictment, the trial court could only

instruct on Serious PFBPP.

(6)    Dixon did not object to the jury instruction at trial.  This Court

therefore reviews the trial court's formulation of the jury instruction for plain

error.[3]  We find no merit in Dixon's appeal.

(7)    The conviction for lesser offenses included in charged offenses is

expressly provided for by Delaware statute.  11 Del. C. § 206(b).  The statute reads

in relevant part:

> (b) A defendant may be convicted of an offense included
> in an offense charged in the indictment or information. A
> defense is so included when:
>
> (1) It is established by the proof of the same or less
>     than all the facts required to establish the
>     commission of the offense charged; or . . .
>
> (3) It involves the same result but differs from the
> offense charged only in the respect that a less
> serious injury or risk of injury to the same person,
> property or public interest or a lesser kind of
> culpability suffices to establish its commission.[4]

---

[2]  "No person shall for any indictable offense be proceeded against criminally by information,
except in cases arising in the land or naval forces, or in the militia when in actual service in time
of war or public danger …." Del. Const. art. I, § 8.
[3]  *Lowther v. State*, 104 A.3d 840, 845 (Del. 2014) (citing *Kostyshn v. State*, 51 A.3d 416, 419
(Del. 2012).
[4] 11 Del. C. § 206(b).

(8)     The statute is entitled to a strong presumption of constitutionality.[5] Dixon relies on *Keller v. State*,[6] where this Court found that the Superior Court impermissibly amended the indictment.  This Court also found an impermissible amendment to the indictment in *Johnson v. State*.[7]  In both *Keller* and *Johnson*, this Court held that a substantive judicial amendment that changed a material allegation in the indictment violated the Delaware Constitution, because it allowed the State to prove an element of the crime for which the defendant was convicted on a theory not contained in the original indictment.

(9)     *Keller* and *Johnson* are distinguishable.  In this case, all of the elements of the crime for which Dixon was convicted were contained in the original indictment.[8]  The indictment charged that Dixon was a person prohibited and alleged that he possessed a firearm.[9]  The jury instructions also did not change the firearm Dixon possessed or the conviction on which the charge was based.[10] There was no substantive change to the indictment by instructing the jury on Simple PFBPP.

---

[5] *Sheehan v. Oblates of St. Francis De Sales*, 15 A.3d 1247, 1258 (Del. 2011)("When our review is of a constitutional nature, there is a strong presumption that a legislative act is constitutional. We resolve all doubts in favor of the challenged act.") (internal citation omitted).
[6] *Keller v. State*, 425 A.2d 152 (Del. 1981).
[7] *Johnson v. State*, 711 A.2d 18 (Del. 1998).
[8] *Compare* App. to State's Answering Br. at B8-9 (the Serious Injury PFBPP charge in the indictment) *with* 11 Del. C. 1448(e)(1) (the Simple PFBPP statute).
[9] App. to State's Answering Br. at B8-9.
[10] Compare App. to State's Answering Br. at B8-9 (the PFBPP charge in the indictment) with App. to Appellant's Opening Br. at A106 (the Superior Court's jury instruction on the included Simple PFBPP offense).

4

(10)   Dixon also cites to federal law and cases interpreting the Fifth Amendment to the United States Constitution where courts found unconstitutional encroachment on grand jury proceedings.  The Fifth Amendment does not control this case,[11] but even if it did, the United States Supreme Court has held that "as long as the crime and the elements of the offense that sustain the conviction are fully and clearly set out in the indictment, the right to a grand jury is not normally violated by the fact that the indictment alleges more crimes or other means of committing the same crime."[12]

(11)   Limiting the trial court's ability to make substantive changes to the indictment ensures that individuals are subject to felony prosecution only where fellow citizens, acting independently of the prosecutor, pass on the allegations.  A defendant is also provided notice of the charges, an opportunity to prepare an adequate defense; and protection from twice being placed in jeopardy for the same offense.

(12)   Here, the Grand Jury considered all of the elements of the included offense as part of the charged offense.  Dixon was also on notice of the allegations to defend against at trial, and the elements of the included offense were set out in

---

[11] The United States Supreme Court has never held that the Fifth Amendment grand jury strictures are applicable to the states by virtue of the Fourteenth Amendment. *Mott v. State*, 9 A.3d 464, 465 (Del. 2010) (citing *Johnson*, 711 A.2d at 23).
[12] *United States v. Miller*, 471 U.S. 130, 136 (1985).  *See also United States v. Anthony*, Fed. Appx. 215, 219 (3rd. Cir. 2012) ("We agree with the government that the District Court's instruction on the lesser included offense did not constitute a constructive amendment.").

5

the indictment as part of the elements of the charged offense. Finally, because the elements of the included offense all appear in the indictment, the indictment was sufficient to allow Dixon to plead it in the future as a bar to later prosecutions. Dixon has failed to carry his burden of demonstrating plain error.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Justice

6