IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DANIEL WOODS, | § | |
| | § | No. 259, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. 1702009428 (N) |
| STATE OF DELAWARE, | § | 1702009077 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 26, 2018
Decided: February 14, 2019

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

This 14th day of February 2019, upon consideration of the brief under Supreme Court Rule 26(c), appellate counsel's motion to withdraw, and the State's response, it appears to the Court that:

(1) On February 14, 2017, at approximately 8:30 a.m., the Delaware State Police responded to a 911 call regarding a suspicious vehicle in the area of Blackbird Station Road in Townsend. The caller described the vehicle as a black Jeep Wrangler and provided a Delaware tag number. Corporal Raymond Shatley drove to the area and spotted the Jeep. Corporal Shatley activated his patrol vehicle's lights and siren and attempted to initiate a stop.

(2) The driver of the Jeep—who turned out to be the appellant, Daniel Woods—disregarded the police signal and fled, with Corporal Shatley in pursuit. Trooper Edwin Ramirez and Corporal William Walker joined in the chase with Trooper Ramirez' vehicle taking the lead. At one point, the Jeep came to a stop at the entrance of the Saint Anne's Golf Course, where the driver opened his door and discarded several items. Corporal Walker returned to that spot later that morning and retrieved the discarded items, which turned out to be DVDs.

(3) The chase lasted about twenty-five minutes and ended when the Jeep overheated and came to a complete stop. At the direction of Trooper Ramirez, Woods got out of the Jeep with his hands up and got on the ground. When conducting a pat down search of Woods, Trooper Ramirez removed a pocket knife from Woods' front pants pocket. Also, Trooper Ramirez saw several bracelets, other jewelry, and multiple DVDs on the floor of, and scattered inside, the Jeep.

(4) At approximately 1:00 p.m. on February 14, 2017, Laura Campbell returned home from work after receiving a call from her husband that their home (located at 505 Dogtown Road in Townsend) had been broken into. Laura Campbell noted that the front door of the home was damaged, and that a number of items were missing from inside the home, including her laptop, two Xbox systems, jewelry, and DVDs. Unfortunately for the Campbells, their home was burglarized again on

2

February 16, 2017. In the second break-in, the intruder entered the home through a kitchen window and stole a scope mounting kit for a firearm and a clarinet.

(5) Some of the property taken in the February 14 burglary—namely, the jewelry and some of the DVDs—were returned to the Campbells on February 14, 2017. The laptop and Xbox systems were returned to the Campbells on February 23, 2017, when Corporal Walker retrieved those items from a construction worker who had called the police to report finding the items when working at the Saint Anne's Golf Course.

(6) Woods was indicted and tried for offenses arising from the vehicle chase and the February 14 burglary of the Campbell residence. On January 5, 2018, the jury convicted Woods of Burglary in the Second Degree, Felony Theft, Criminal Mischief, Disregarding a Police Officer's Signal, Resisting Arrest, and Carrying a Concealed Deadly Weapon.

(7) Immediately after the verdict was read, Woods interrupted the proceedings to tell the Superior Court that he wanted to move "for an acquittal on the charges."[1] The trial judge denied the request as follows:

> Mr. Woods, you have chosen up to this point to allow Mr. Buckworth to represent you. If you decide at this point to go pro se, the Court needs to have a hearing and address a motion to proceed pro se. It's not one that I would suggest that you make, but you're free to do so. But I'm not going

---

[1] Trial Tr. at 147 (Jan. 5, 2018).

3

to consider an oral motion at this time. It's a motion that you need to make in writing and the Court will address it at a later time.[2]

Woods did not revisit the matter of proceeding *pro se*, and he did not file a written motion for judgment of acquittal. On April 27, 2018, the Superior Court declared Woods a habitual offender and sentenced him to fourteen years of Level V incarceration for the second-degree burglary conviction and to concurrent probation for the other convictions.[3] This is Woods' direct appeal.

(8) On appeal, Woods' appellate counsel has filed a brief and motion to withdraw under Rule 26(c). Appellate counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Woods has supplemented the Rule 26(c) brief with claims he would like us to consider on appeal. The State has responded to the position taken by Woods' appellate counsel, the claims raised by Woods, and has moved to affirm the Superior Court's judgment.

(9) When considering a Rule 26(c) brief and motion to withdraw, our standard and scope of review is twofold.[4] First, we must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for claims that could

---

[2] *Id.*

[3] In the same sentencing proceeding, the Superior Court sentenced Woods in Cr. ID No. 1701019682 for convictions he received in September 2017 for Receiving Stolen Property and Selling Stolen Property.

[4] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

4

arguably support the appeal.[5]   Second, we must conduct our own review of the record to determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[6]

(10)   Fairly read, Woods' supplement to the brief raises nine claims. First, Woods claims that Trooper Ramirez did not read him his Miranda rights. Second, Woods claims that he was charged, in part, for stealing property that was taken in the second burglary of the Campbells' residence on February 16, 2017. Third, Woods claims that the indictment misstated the brand name of the laptop that was reported missing on February 14, 2017 and found on February 23, 2017. Fourth, Woods claims that the prosecutor misrepresented the evidence in the State's opening statement. Fifth, Woods claims that there was insufficient evidence to support the Carrying a Concealed Deadly Weapon conviction because his pocket knife was clipped to the outside of his pants. Sixth, Woods claims that there was insufficient evidence to support the Felony Theft conviction because the jury did not determine that the value of the property was over $1,500. Seventh, Woods claims that he was denied the right to cross-examine the construction worker who found the laptop and the Xbox systems. Eighth, Woods claims that the Superior Court erred when denying his post-verdict *pro se* request for an acquittal. Last, Woods claims that his trial counsel was ineffective.

---

[5] *Penson v. Ohio*, 488 U.S. at 83.
[6] *Id.*

(11)   We have not considered Woods' claim of ineffective assistance of counsel.  As a general rule, we will not consider a claim of ineffective assistance of counsel on direct appeal when the claim was not raised in the Superior Court in the first instance.[7]  Typically an ineffective counsel claim is pursued through a motion for postconviction relief under Superior Court Criminal Rule 61 and is adjudicated on the basis of the record developed during the postconviction proceeding.[8]

(12)   Turning to the other claims, we conclude, first, that the Superior Court did not err or abuse its discretion when denying Woods' *pro se* request for a judgment of acquittal.  Before allowing a criminal defendant to proceed *pro se,* the Superior Court must conduct a hearing to inform the defendant of the risks inherent in going forward in a criminal trial without the assistance of legal counsel and to determine that the defendant's decision to proceed without counsel is a knowing and voluntary waiver of the constitutional right to counsel.[9]  The Superior Court's refusal to consider Woods' request for a judgment of acquittal without first conducting the required hearing on Woods' request to proceed *pro se*, and the court's ruling that Woods must file a written motion for acquittal, were entirely appropriate.  To the extent Woods attempts to argue

---

[7] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).
[8] *Id.*
[9] *Hartman v. State*, 918 A.2d 1138, 1140–41 (Del. 2007).

6

the basis of his request for an acquittal here, we will not consider his claim in the first instance.[10] Woods will have to make the argument in a postconviction proceeding.

(13) Because none of the other claims on appeal were raised at trial, we have reviewed the claims for plain error.[11] Plain error is error that is "so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[12]

(14) Woods claims that Trooper Ramirez did not give him Miranda warnings. The claim is without merit. No statement by Woods was introduced at trial. Consequently, whether or not Woods was read his Miranda rights is irrelevant.[13]

(15) Woods' claims of errors in the indictment are also without merit. Woods was indicted for the February 14, 2017 burglary of the Campbells' residence, not the second burglary on February 16, 2017. The laptop's brand name was not an essential element of any of the crimes charged, and the indictment gave Woods sufficient notice of the charges. Any discrepancy in the indictment concerning the brand name of the laptop, and any variance between the indictment and the evidence adduced at trial, were not prejudicial.[14]

(16) Woods claims that the prosecutor misrepresented the evidence in the State's opening statement when he told the jury that the laptop and the Xbox systems

---

[10] Del. Sup. Ct. R. 8.
[11] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).
[12] *Id.*
[13] *Malin v. State*, 2008 WL 2429114, at *2 (Del. June 17, 2008).
[14] Del. Super. Ct. Crim. R. 7(c)(1), (2).

were located "[w]hen the police officer went back and retraced the path of flight of the defendant."[15] On plain error review, the claim is without merit. To the extent the prosecutor suggested in error that the evidence would show that the laptop and the Xbox systems were among the discarded items that Corporal Walker retrieved from the entrance of the Saint Anne's Golf Court on February 14, 2017, Woods makes no reasoned effort to show that the misstatement was prejudicial, and we have discerned no prejudice.

(17) Woods claims that he was denied the right to cross-examine the construction worker who found the laptop and Xbox systems. His claim is without merit. The Confrontation Clause of the Sixth Amendment guarantees a defendant the right to cross-examine an adverse witness at trial.[16] It does not require the State to call any particular individual to testify as a witness.[17] To the extent Woods complains that the substance of statements attributed to the construction worker by other trial witnesses was impermissible hearsay and thus was admitted in error in violation of his right to confrontation, the record reflects that the parties, through counsel, stipulated to the admission of those statements.[18]

---

[15] Trial Tr. at 17 (Jan. 3, 2018).
[16] *Davis v. Alaska*, 415 U.S. 308, 315–16 (1974).
[17] *Salaberrios v. State*, 2017 WL 443721, at *3 (Del. Jan. 20, 2017) (citing *Charbonneau v. State*, 904 A.2d 295, 302 (Del. 2006)).
[18] Trial Tr. at 54–55 (Jan. 5, 2018).

8

(18)   Finally, viewing the evidence in the light most favorable to the State, we conclude that a reasonable jury could have found beyond a reasonable doubt that Woods was guilty of Carrying a Concealed Weapon and Felony Theft.   Trooper Ramirez testified that he found Woods' pocket knife inside of Woods' right front pants pocket.[19]  Detective Bridget Harris and Laura Campbell testified that the value of the property taken in the February 14 burglary was "over $2,000."[20]

(19)   Having carefully reviewed the record, we conclude that Woods' appeal is wholly without merit and devoid of any arguably appealable issue.  We are satisfied that Woods' appellate counsel made a conscientious effort to examine the record and the law and properly determined that Woods could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of convictions is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[19] *Id.* at 44.
[20] *Id.* at 80; Trial Tr. at 52 (Jan. 3, 2018).

9