IN THE SUPREME COURT OF THE STATE OF DELAWARE

MICHAEL EDELIN, §
§ No. 164, 2023
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID Nos. 1912028560,
STATE OF DELAWARE, § 1912028616, & 1912029331
§
Appellee. §

Submitted: May 8, 2024
Decided: June 4, 2024

Before **TRAYNOR**, **LEGROW,** and **GRIFFITHS**, Justices.

## **ORDER**

On this 4th day of June 2024, after consideration of the parties' briefs and the record below, it appears to the Court that:

(1) A Superior Court jury convicted Michael Edelin of multiple counts of robbery and wearing a disguise during the commission of a felony ("WDDCF") for his involvement in a series of bank robberies in late 2019. On appeal, he argues the State failed to present sufficient evidence that he threatened the immediate use of force during two of these robberies. He therefore argues for acquittal of the two corresponding counts of second-degree robbery and one related count of WDDCF. For the reasons set forth below, we affirm the judgment of the Superior Court.

(2)     In early 2020, the State charged Edelin with first-degree robbery of a teller at Citizens Bank's University Plaza branch (the "University Plaza Branch") in Newark, Delaware; second-degree robbery of a teller at Citizens Bank's Market Street branch (the "Market Street Branch") in Wilmington, Delaware; and second-degree robbery of a teller at M&T Bank's Community Plaza branch (the "Community Plaza Branch") in New Castle, Delaware.  Edelin was also charged with two counts of WDDCF for tightly drawing the hood of his sweatshirt to conceal his face during the University Plaza Branch and the Community Plaza Branch robberies.  At trial, the State presented evidence establishing Edelin as the perpetrator of each robbery as well as testimony regarding how he executed each crime.[1]

(3)     Sheree Curtis testified regarding the Market Street Branch robbery.  An hour or two after opening, Curtis was servicing the teller line when Edelin, wearing all black clothing, entered the bank.  Edelin walked up to Curtis and handed her a piece of paper that read "[g]ive me all your money."[2]  After Edelin handed her the note, he stared at her intensely and placed his hands into his pockets such that she "didn't know if he had a gun."[3]  Curtis was "scared to death" because she believed

[1] Because Edelin appeals only his convictions arising out of the Market Street Branch and Community Plaza Branch robberies, we likewise limit our recitation of the facts.

[2] App. to Opening Br. at A51.

[3] *Id.* at A51–52.

he would hurt her if she did not comply.[4]  For that reason, Curtis handed Edelin nearly two thousand dollars in cash.

(4)  Brian Dunphy testified regarding the Community Plaza Branch robbery.  Early in the morning, Dunphy was servicing the teller line when Edelin approached him wearing black clothing with a hoodie pulled tight around his head. Edelin handed him a note with his left hand that read "[g]ive me all the money."[5] He kept his right hand concealed in his pocket.  When Dunphy looked at Edelin after reading the note, Edelin said, "You know what this is."[6]  Because Dunphy "wasn't entirely sure" whether Edelin had a weapon, he did not feel like he could say no.[7] For that reason, Dunphy gave Edelin over six hundred dollars in cash.

(5)  After the close of evidence, Edelin did not request a judgment of acquittal.  The jury subsequently found him guilty of all charges.  He was sentenced to a total of thirty-five years of Level V incarceration, followed by probation.

(6)  On appeal, Edelin argues that the State presented insufficient evidence to establish either count of second-degree robbery because the demand notes he passed to the tellers at the Market Street Branch and the Community Plaza Branch were not threats of the immediate use of force.  Edelin also contends that if this Court

---

[4] *Id.* at A51.

[5] *Id.* at A67.

[6] *Id.* at A68.

[7] *Id.* at A71.

3

vacates his conviction of second-degree robbery of the teller at Community Plaza Branch, we must also vacate his related conviction of WDDCF.

(7)     This Court reviews the Superior Court's denial of a judgment of acquittal *de novo*.[8] We will only reverse where no "rational trier of fact, viewing the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the State, could find the defendant guilty beyond a reasonable doubt of all the elements of the crime."[9] When an issue is not raised below, like here, we review for plain error.[10]

(8)     The Superior Court's failure to *sua sponte* enter a judgment of acquittal on Edelin's convictions for second-degree robbery and his related conviction for WDDCF was not plain error. To be guilty of second-degree robbery, the evidence must establish that the defendant "threaten[ed] the immediate use of force upon another person" with the intent to compel the owner of property to deliver it to them.[11] The threat of immediate force need not be express but may be implied through "a show of power or strength sufficient to compel the giving up of

---

[8] *Hopkins v. State*, 293 A.3d 145, 150 (Del. 2023) (citing *Ways v. State*, 199 A.3d 101, 106 (Del. 2018)).

[9] *Hopkins*, 293 A.3d at 150 (citing *Ways*, 199 A.3d at 106–07).

[10] *Williams v. State*, 796 A.2d 1281, 1284 (Del. 2002) (citing Supr. Ct. R. 8).

[11] 11 *Del. C.* § 831(a).

property."[12]  This show of power can take any form sufficient to communicate to the victim an ultimatum: "your [property] or personal injury."[13]  In considering whether the defendant's conduct communicated this ultimatum, we consider all of the surrounding circumstances.[14]

(9)     Here, the evidence was sufficient to justify a determination by a rational jury that Edelin communicated through his conduct an implied threat of personal injury to the tellers if they did not turn over the bank's cash.  A "demand note presented to a bank" without "even the pretext of any lawful entitlement to the funds"—such as Edelin's—"contains an implied threat" of violence "based on the social and historical context of bank robberies."[15]  Alongside his note, Edelin further

---

[12] *Johnson v. State*, 588 A.2d 1142, 1991 WL 28889, at *2 (Del. Feb. 21, 1991) (ORDER) (quoting *State v. Harrigan*, 447 A.2d 1194, 1196 (Del. Super. 1982), *aff'd*, 447 A.2d 1191 (Del. 1982)).

[13] *Smith v. State*, 586 A.2d 1203, 1991 WL 12113, at *3 (Del. Jan. 9, 1991) (ORDER) (holding sufficient evidence to find the threat of force where defendant approached a "lone woman in a parking lot when no one else was in the vicinity" and "demanded that she give him all of her money"); *see also Johnson*, 1991 WL 28889, at *2 (holding sufficient intimidation may consist of a mere "threatening gesture or demeanor which instills in the victim a fear of personal injury") (citation omitted).

[14] *See Smith*, 1991 WL 12113, at *3 ("[T]he State presented sufficient evidence . . . that Smith threatened the use of force from the circumstances surrounding his actions.").

[15] *Washington v. Farnsworth*, 374 P.3d 1152, 1157 (Wash. 2016) (citing *State v. Collinsworth*, 966 P.2d 905, 908 (Wash. Ct. App. 1997)); *see also Malin v. State*, 954 A.2d 910, 2008 WL 2429114, at *3 (Del. June 17, 2008) (ORDER) (holding that although the demand note passed to cashier at a convenience store "contained no express threat, it did contain an implied threat of force").

5

implicitly communicated his threat by wearing all black clothing[16] and keeping a hand in his pocket to imply the presence of a weapon.[17]

(10)  Moreover, the evidence shows that the implied threat of violence was clear to both Edelin and the tellers.  After the teller at the Community Plaza Branch read his demand note, Edelin said, "You know what this is."[18]  Both tellers understood they were being robbed, believed Edelin might have a weapon, and were concerned that they would be harmed if they did not capitulate to Edelin's demands.[19]

(11)  Accordingly, the evidence justified the jury's determination that Edelin was guilty of second-degree robbery because his conduct during the crimes communicated an implied threat of violence.  And, because the jury rationally found

---

[16] *See, e.g.*, *Yelardy v. State*, 945 A.2d 595, 2008 WL 450215, at *2 (Del. Feb. 20, 2008) (ORDER) (describing bank robber as wearing "gloves, a stocking mask and dark clothing"); *Mitchell v. State*, 89 A.3d 477, 2014 WL 1202953, at *1 (Del. Mar. 21, 2014) (ORDER) (describing convenience store robber as "wearing all black clothing"); *State v. Hudson*, 312 A.3d 615, 620 (Del. 2024) (describing robber as "dressed entirely in black").

[17] *See, e.g.*, *Johnson*, 1991 WL 28889, at *1 (describing robber as keeping a hand in his jacket to imply his possession of a weapon); *Malin*, 2008 WL 2429114, at *1 (describing robber as keeping "his right hand in his pocket so [the cashier] could not tell whether or not he had a gun"); *Walton v. State*, 821 A.2d 871, 873 (Del. 2003) (finding sufficient evidence of second-degree robbery where robber implied he had a bomb by keeping his hand in his pocket), *superseded by statute*, 74 Del. Laws 2004, ch. 345, § 3, eff. July 12, 2004, *as recognized in Mitchell v. State*, 984 A.2d 1194, 1197 (Del. 2009).

[18] App. to Opening Br. at A70.

[19] Edelin does not advance any alternative reason why the tellers would otherwise comply with his demands.  *See Farnsworth*, 374 P.3d at 1157 ("Indeed, without the implicit threat to use force, it is difficult to imagine why the teller would comply with the note's demand for money.") (citation omitted).

Edelin guilty of second-degree robbery of the teller at Community Plaza Branch, it could justifiably find him guilty of the related count of WDDCF. As a result, the Superior Court's failure to *sua sponte* enter a judgment of acquittal was not plain error.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*

Justice